**Lawrence E. MERRILL**

v.

**TOWN OF HAMPDEN.**

Supreme Judicial Court of Maine.

Argued March 13, 1981.

Decided July 15, 1981.

Garth K. Chandler (orally), Bangor, for plaintiff.

Mitchell & Stearns, John A. Woodcock, Jr. (orally), Bangor, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, GLASSMAN * and ROBERTS, JJ.

PER CURIAM.

After a jury trial the Superior Court (Penobscot County) entered judgment for defendant Town on plaintiff's suit seeking treble damages under 14 M.R.S.A. § 7552 (1980) for the Town's cutting, allegedly knowingly or willfully, of a large red oak tree located on his land, but within the right of way of a public road. We affirm, finding no merit in any of plaintiff's four contentions on appeal.

■ Plaintiff's constitutional claims of due process and just compensation violations, raised for the first time on appeal, have been waived. *See Emerson v. Ham*, Me., 411 A.2d 687, 690 (1980); *Teel v. Colson*, Me., 396 A.2d 529, 533–34 (1979).

■ The presiding justice correctly refused plaintiff's request to instruct the jury that 30 M.R.S.A. § 3901 (1978) restricts the function of a town's tree warden to the care and control of public shade trees. That statute is permissive only, and by its terms it plainly does not limit the broad home rule powers of a municipality, *see* Me.Const., art. VIII, pt. 2, § 1; 30 M.R.S.A. §§ 2151(2)(A) and 2(B) (1978), or exhaust a municipality's responsibilities for the safety and convenience of public ways, *see* 23 M.R.S.A. § 3651 (1980).

Even if the presiding justice erred by directing a verdict for defendant on the treble damages issue, any possible error was rendered harmless when the jury found plaintiff had not proven his entitlement to even untrebled compensatory damages.

■ The Town's letters to plaintiff offering to deliver to plaintiff's land in Hampden wood equivalent to that cut in the red oak tree were proposals for compromise and

were properly excluded from evidence. *See* M.R.Evid. 408.

The entry must be:

Judgment for defendant Town of Hampden affirmed.

All concurring.